IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY, #60533-080 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv173 |
| | | CRIMINAL NO. 6:04CR00067-001 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Movant Anthony Ray Dailey, an inmate confined at F.C.I. Beaumont, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The case was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the motion should be dismissed as a second or successive § 2255 motion and because Mr. Dailey did not have permission from the Fifth Circuit to file a second or successive § 2255 motion. Mr. Dailey has filed objections.

Mr. Dailey is attempting to bring a second or successive § 2255 motion based on recent judicial decisions, but the court lacks jurisdiction to consider the motion. A second or successive § 2255 motion must be certified by a panel of the court of appeals. 28 U.S.C. § 2255(h). Mr. Dailey argues in his objections that he does not have to have permission from the Fifth Circuit to file a second or successive § 2255 motion because the recent decisions involve statutory interpretation. In particular, he cites *Mathis v. United States*, ____ U.S. ____, 136 S. Ct. 2243 (2016); *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 569 (2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). The Fifth Circuit has found, however, that cases such as these do not

provide a basis for authorizing a successive § 2255 motion. *In re Lott*, 838 F.3d 522 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that was made retroactive to cases on collateral review). In the present § 2255 proceeding, Mr. Dailey has not cited any authority where the Supreme Court announced a new rule of constitutional law that was made retroactive to cases on collateral review. This court does not have jurisdiction to consider his § 2255 motion.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Dailey to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Dailey's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the motion to vacate, set aside or correct the sentence is **DISMISSED** without prejudice for lack of jurisdiction. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 4th day of May, 2017.**

Ron Clark, United States District Judge